IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-37,034-03





EX PARTE STEVEN KENNETH STALEY







ON MOTION FOR STAY OF EXECUTION FOR INCOMPETENCY


IN CAUSE NO. 0387844 FROM THE


CRIMINAL DISTRICT COURT NUMBER 2 OF TARRANT COUNTY





Per Curiam. Womack, J., not participating.


ORDER



 This is a statutorily required review of the decision of the convicting court that applicant was
not competent to be executed under Texas Code of Criminal Procedure Article 46.05.

 Applicant was convicted of capital murder on April 16, 1991. After his appeals were
exhausted, he was sentenced to be executed at any time after the hour of 6:00 p.m. on February 23,
2006. A motion to determine his competency to be executed under the provisions of Texas Code
of Criminal Procedure Article 46.05 was filed in the convicting court. The convicting court
appointed two psychologists to determine applicant's competency pursuant to the statute. Based on
the examination of the psychologists, the trial court found that applicant was not competent to be
executed. When the convicting court makes this finding, review by this Court is mandatory. Article
46.05(k). The record was properly and immediately forwarded to this Court. 

 However, the convicting court withdrew the death warrant, and the execution date has passed. 
If a stay of execution had issued from this Court, the trial court would have had a statutory duty to
have the defendant periodically "reexamined by mental health experts to determine whether the
defendant is no longer incompetent to be executed." Tex. Code Crim. Proc. art. 46.05(k). While
we assume that the trial court will periodically have the defendant reexamined in accordance with
the statute even though this Court did not issue the stay, the substance of the Motion to Stay
Execution is moot, and the motion is dismissed.

 IT IS SO ORDERED THIS THE 12TH DAY OF APRIL, 2006.

Do Not Publish